# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC., | ) |
| Plaintiff, | ) ) ) 2:08-cv-00146 |
| v. | ) ) |
| VENT RIGHT CORPORATION, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

This is an action in patent infringement. On March 3, 2011, the Court conducted a hearing regarding the statutory damages and injunctive relief that Plaintiff seeks in this matter. Plaintiff was represented by Dariush Keyhani, Esquire of the law firm Lippes, Mathias, Wexler, Friedman LLP and Katherine E. Koop, Esquire of the law firm Tucker Arensberg, P.C. Defendant Vent Right Corporation ("Vent Right" or "Defendant") did not attend the hearing and was not represented by counsel.

### BACKGROUND

On January 31, 2008, Plaintiff filed the instant patent infringement action in this Court against Vent Right in which it asserted that Defendant's product had infringed four (4) patents owned by Air Vent. In sum, Air Vent alleged that Defendant's Breasevent product was a "knock-off copy of Plaintiff's patented Shinglevent® II product."[1]

On December 31, 2008, Air Vent filed an Amended Complaint in which it accused the Breasevent product of infringing only two (2) of its patents (the '517 Patent and '574 Patent),

---

[1] All parties are intimately familiar with the facts in this case and previous opinions detail the factual and technological summaries relevant in this matter. *See* Document No. 84 at 2-7. Thus, it is not necessary to reiterate the extensive background of the patents-in-suit.

and added common law claims for unfair competition and unjust enrichment.[2] Defendant timely answered and asserted various affirmative defenses and counterclaims including, *inter alia*, noninfringement and invalidity of the patents at issue.

After the close of discovery, on January 18, 2010, the parties filed cross motions for summary judgment. Air Vent moved for partial summary judgment of infringement of the '517 patent and infringement of the '574 patent. Defendant moved for summary judgment on the basis that the patents were invalid as anticipated or obvious.

By Memorandum Opinion and Order of Court (Document No. 84), this Court granted partial summary judgment on infringement in favor of Air Vent, and denied Vent Right's motion for summary judgment on invalidity of the patents-in-suit. The Court further determined that "[w]ith Air Vent's claims for unfair competition and unjust enrichment remaining and the existence of genuine issues of material fact regarding the validity of the Patents-In-Suit, a trial must ensue." (Document No. 84 at 24).

On September 24, 2010, Mark A. Grace, Esquire and the law firm of Cohen & Grace, LLC, and Thomas C. Wettach, Esquire and the law firm of Cohen & Grigsby, P.C. (collectively "Movants") moved to withdraw as counsel for Defendant due to the failure of Vent Right to pay outstanding amount(s) owed to them for legal fees and costs. They had not been paid for more than twelve (12) months despite having rendered legal services throughout.

The Court granted the Movants request on November 30, 2010. In a Memorandum Opinion and Order of Court, the Court noted that Vent Right "concedes that it is not able to pay Movants their past due fees and costs" and "[t]he outstanding balance is very significant and will only increase exponentially if Movants are not permitted to withdraw as trial preparation is

---

[2] Counsel for Plaintiff has confirmed with the Court that it is seeking monetary damages under the Patent Act only.

imminent." (Document No. 96 at 2). The Court further stated that it could not "ignore the fact that in March 2010, the President and Chief Operating Officer of Defendant, Vent Right Corporation, rejected a settlement of this action on a walk-away basis for all related cases," and that it did not "appear to have been reasonable under the circumstances that Defendant and Mario Kaseda declined that omnibus settlement offer, but they did and demanded to persevere onward irrespective of nonpayment of counsel." (Document No. 96 at 2-3). The Court warned that Vent Right must retain new counsel to avoid the entry of sanctions, including an adverse judgment.

Nonetheless, Vent Right did not retain new counsel, and Plaintiff filed a Motion for Default Judgment on February 4, 2011. (Document No. 98). Without opposition, the motion was granted on February 8, 2011 and a hearing on Plaintiff's damages was held on March 3, 2011.

Plaintiff seeks damages based on a lost profits theory of infringement. As such, Plaintiff seeks (1) recovery of lost profits pursuant to 35 U.S.C. § 284, including enhanced statutory damages; (2) prejudgment interest on the damages caused to Plaintiff by reason of Defendant's infringement; (3) post-judgment interest; (4) attorneys' fees pursuant to 35 U.S.C. § 285; and (5) a permanent injunction. (Document No. 100).

In support of its request for monetary damages, Plaintiff relies upon the expert report of Dennis M. Giuffré of Econalysis Consulting. (Sealed Document No. 86, Ex. C). The economic analysis "considers a 'lost profits' model for damages, based on the premise that but for the sale of infringing products by the defendant Vent Right, the plaintiff Air Vent would have otherwise made such sales and would have realized the incremental profits from such sales."

(Sealed Document No. 86, Ex. C). The Court from the bench found that Giuffré is qualified to render an expert opinion and accepted his report.

For the reasons stated below, Plaintiff's request shall be granted and judgment entered in favor of Plaintiff, Air Vent, Inc., and against Defendant, Vent Right.

## DISCUSSION

### I. Default Judgment Standard for Damages

Default judgment establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *United States v. Grant*, F. Supp. 2d 29, 32 (D.D.C. 2003). "A consequence of the entry of a default judgment is that the 'factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 980 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). In other words, a party's default is almost universally deemed an admission of the plaintiff's well-pleaded allegations of fact pertaining to liability. *See also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").

### II. Liability

The Court finds that Plaintiff has sufficiently established Defendant's liability in this matter. As established in the Court's Memorandum Opinion and Order of Court dated July 20, 2010, and given the facts pleaded in Plaintiff's Amended Complaint, Air Vent has sufficiently established that Vent Right willfully infringed the '517 and '574 patents owned by Plaintiff.

More specifically, Plaintiff has established that Defendant literally manufactured and sold a "knock-off" copy of Air Vent's patented Shinglevent® II product.

Accordingly, the Court finds that Plaintiff is entitled to certain statutory damages and other equitable relief that this Court shall determine.

## III. Damages

Plaintiff submits that it is entitled to compensatory damages for the profits it lost as a result of Defendant's patent infringement violations, that the Court should treble the damages on the basis that Defendant willfully infringed and acted in bad faith, that it be awarded interest on its damage award, that it be awarded attorneys' fees because this matter is an exceptional case, and that a permanent injunction be issued. The Court will discuss these requests seriatim.

### a. Lost Profits

Section 284 of the Patent Act provides, in pertinent part, that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284; *see Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995) (en banc) (noting that "the purpose of this alternative is not to direct the form of compensation, but to set a floor below which damage awards may not fall*")*. Moreover, "the patentee is entitled, at a minimum, to a reasonable royalty for infringement of its patent" and "thus, the language of the statute is expansive rather than limiting." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d at 1544. The amount of damages, or harm sustained by a patentee, is a question of fact, and "[w]hen the damages are not found by a jury, the court shall assess them." 35 U.S.C. § 284.

The phrase "damages adequate to compensate" means "full compensation for 'any damages' [the patentee] suffered as a result of the infringement," *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983), which includes any foreseeable lost profits the patentee can prove, *Grain Processing Corp. v. American Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). When basing alleged lost profits on lost sales, the patentee has an initial burden to show a reasonable probability that it would have made the asserted sales "but for" the infringement. *Grain Processing Corp.*, 185 F.3d at 1349. Once the patentee establishes a reasonable probability of "but for" causation, "the burden then shifts to the accused infringer to show that [the patentee's 'but for' causation claim] is unreasonable for some or all of the lost sales." *Grain Processing Corp.*, 185 F.3d at 1349 (citations omitted).

A patentee who claims lost profits must show: (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) capacity to exploit the demand in the absence of the infringing products; and (4) the amount of profit the patentee would have made. *See Panduit Corp. v. Stahlin Brothers Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d at 1545 ("[*Panduit*] articulated a four-factor test that has since been accepted as a useful, but non-exclusive, way for a patentee to prove entitlement to lost profits damages."). In calculating lost profits, absolute certainty is not required; rather, a party must only show with reasonable probability that he would have made additional sales in the absence of the infringing product. *See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1353-54 (Fed. Cir. 2001).

Based on the undisputed record evidence and the expert report of Dennis M. Giuffré, the Court finds that Plaintiff has established each of the four prongs necessary to establish that it is

entitled to lost profits, and thus, the Court finds and rules that an award of $232,01.00 is appropriate.

### b. Treble Damages

Pursuant to 35 U.S.C. § 284, a court may "increase the damages up to three times the amount found or assessed." Enhanced damages are punitive in nature and are based upon the conduct and culpability of the infringer. *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1570 (Fed. Cir. 1996). As such, the Court of Appeals for the Federal Circuit has held that an award of enhanced damages requires a showing of willful infringement, a threshold showing clearly satisfied in this case by the entry of default judgment. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) ("[W]e have held that an award of enhanced damages requires a showing of willful infringement."). A finding of willfulness, however, does not mandate enhanced damages, much less treble damages. *See Cybor Corp. v. FAS Techs, Inc*., 138 F.3d 1448, 1461 (Fed. Cir. 1998) (citations omitted). Rather, "'the paramount determination . . . is the egregiousness of the defendant's conduct based on all the facts and circumstances.'" *Id.* (alterations in original). Thus, enhancement of damages is within the discretion of the district court and is informed by the totality of the circumstances. *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1576 (Fed. Cir. 1991).

The Federal Circuit has provided district courts with several factors—commonly referred to as the "*Read* factors"— to consider when determining whether damages should be enhanced. These factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and

financial condition; (5) closeness of the case; (6) duration of the infringer's misconduct; (7) remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *See Read Corp. v. Portec, Inc.*, 970 F.2d at 826-27 (Fed. Cir. 1992) (superseded on other grounds as recognized in *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1578 (Fed. Cir. 1996)).

Based on the undisputed record evidence and an analysis of the *Read* factors, the Court finds and rules that an award of enhanced damages is appropriate and reasonable. Therefore, the Court will grant Plaintiff's request and award Plaintiff treble damages, which results in a lost profits award of $696,033.00.

### c. Prejudgment Interest

The Patent Act provides for the calculation of damages "together with interest . . . as fixed by the court." 35 U.S.C. § 285. In patent infringement cases, "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983); *see also Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.); *Nilssen v. GE Co.*, Civil Action No. 06 C 04155. 2011 U.S. Dist. LEXIS 13615, *44 (N.D. Ill. Feb. 11, 2011) ("Where a party has received a damage award that is doubled or trebled by statute and intended therefore to be punitive, an award of prejudgment interest may be disallowed") (citation omitted).

At the hearing, the Court directed Plaintiff's counsel to include some justification for the award of prejudgment interest in their post hearing filings. Plaintiff has not submitted any supporting documentation regarding prejudgment interest to the Court as of the date of this

filing. Thus, the Court finds and rules that awarding Plaintiff prejudgment interest is not justified in this matter.

### d. Post-Judgment Interest

Post-judgment interest is mandatory under 28 U.S.C. § 1961 which provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." *See also Baum Research & Dev. Co. v. Univ. of Mass.*, Case No. 1:02-cv-674, 2009 U.S. Dist. LEXIS 62027, **30-31 (W.D. Mich. July 14, 2009) (citing *Estate of Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) ("While state law governs the propriety of prejudgment interest on damages awarded on state law claims, federal law controls the applicability of post-judgment interest as to such damages awards."). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Further, interest on judgments is "computed daily to the date of payment." 28 U.S.C. § 1961(b).

Accordingly, Plaintiff is entitled to post-judgment interest in this matter, which is to be calculated in the manner articulated in 28 U.S.C. § 1961(a).

## IV. Attorney Fees

Section 285 of the Patent Act provides for the "award [of] reasonable attorney fees to the prevailing party" in "exceptional" patent infringement cases. 35 U.S.C. § 285; *see also Automated Business Cos. V. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000) (noting that the two purposes of 35 U.S.C. § 285 is to compensate the prevailing party for its expense in prosecuting or defending the suit, and to deter clearly unwarranted infringement suits). To

determine whether to award fees, a court should undertake a two-step process. *See Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003).

First, a district court must determine whether the prevailing party has proven by clear and convincing evidence, that the case is "exceptional." *Id.* (citations omitted). The criteria for declaring a case exceptional include "willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit. *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000) (citations omitted); *see Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) ("Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a case exceptional under § 285."). Moreover, "[w]hether a case is 'exceptional' under section 285 is a question of fact" for the trial court. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 669 (Fed. Cir. 2000).

Second, "if the district court finds the case to be exceptional, it must then determine whether an award of attorneys fees is appropriate." *Forest Labs., Inc*, 339 F.3d at 1327. This second prong of the analysis is entirely within the discretion of the district court. *See Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998). However, the Federal Circuit has cautioned that an award of attorneys' fees under 25 U.S.C. § 285 is not intended to be an "ordinary thing in patent cases," and that it should be limited to situations in which it is necessary to prevent "a gross injustice" or bad faith litigation. *Forest Labs.*, 339 F.3d at 1329.

As established above, the Court finds that Defendant acted willfully in infringing Plaintiffs' protected product and that Defendant's actions rise to the level of "exceptional." Accordingly, the Court finds that Plaintiffs is entitled to reasonable attorneys' fees and costs under the Patent Act. Plaintiff submitted its Motion for Attorneys' Fees and Expenses on March

10

31, 2011. However, by Order of April 1, 2011, the Court ordered Plaintiff to supplement its motion because additional information is required in order to determine a reasonable fee amount.

## V. Injunctive Relief

A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Further, the Supreme Court has held that "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006).

Accordingly, "a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc.*, 547 U.S. at 391. The four factor that a plaintiff must demonstrate are (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id.* "Courts awarding permanent injunctions typically do so under circumstances where [the] plaintiff practices its invention and is a direct market competitor." *Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554, 558 (D. Del. 2008).

In this case, Plaintiff has satisfied all four factors necessary for the Court to grant its request for a permanent injunction. Thus, the Court finds that a permanent injunction is warranted with regard to every count of the Amended Complaint in this case.

**CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff is entitled to statutory damages and injunctive relief. Defendant shall be liable to Plaintiff for $232,011.00 in lost profits, which shall be trebled pursuant to 35 U.S.C. § 284, for a total amount of $696,033.00. Plaintiff is also entitled to reasonable attorneys' fees and costs, which will be determined at a later date. Plaintiff is also entitled to post-judgment interest and to permanent injunctive relief.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) 2:08-cv-00146 |
| v. | ) |
| | ) |
| VENT RIGHT CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 4th day of April, 2011, in accordance with the foregoing Memorandum Opinion and based on the Court's previous entry of default judgment against Defendant Vent Right Corporation, it is hereby **ORDERED, ADJUDGED and DECREED** that statutory damages and injunctive relief are awarded to Plaintiff Air Vent, Inc. as follows:

(1) Defendant, Vent Right Corporation, is adjudged to have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to U.S. patents 6,149,517 and 6,793,574 by offering to sell and selling knock-off copies of Plaintiff's Shinglevent® II product, and that said infringement is willful;

(2) Defendant is ordered to account for and pay to Plaintiff all damages caused to Plaintiff by reason of Defendant's infringement of U.S. patents 6,149,517 and 6,793,574 pursuant to 35 U.S.C. § 284, including enhanced damages for willful infringement. Accordingly, a judgment shall be entered against Vent Right Corporation awarding Plaintiff, Air Vent, Inc., $232,011.00 in lost profits, which shall be trebled pursuant to 35 U.S.C. § 284, for a total amount of $696,033.00.

(3) Plaintiff, Air Vent, Inc., shall be entitled to post-judgment interest, which is to be calculated pursuant to 28 U.S.C. § 1961(a).

(4) This case is determined to be an exceptional case of infringement, pursuant to 35 U.S.C. § 285. Accordingly, a judgment shall be entered against Vent Right Corporation awarding Plaintiff, Air Vent, Inc., its reasonable attorneys' fees and expenses incurred in this litigation in an amount to be determined.

(5) The Motion for Permanent Injunction is **GRANTED**.

(6) Defendant, Vent Right Corporation, its parents, subsidiaries, divisions, affiliates, successors, officers, agents, servants, employees and all others in active concert or participation with it or acting on its behalf, are **PERMANENTLY RESTRAINED AND ENJOINED** from further infringement of Plaintiff's Patent Nos. 6,149,517 and 6,793,574.

The Court will enter judgment consistent with this Order.

BY THE COURT:

/s Terrence F. McVerry
United States District Court Judge

cc: Dariush Keyhani, Esquire
Lippes Mathias Wexler Friedman LLP
Email: dkeyhani@meredithkeyhani.com

Sidney R. Bresnick, Esquire
Meredith & Keyhani, PLLC
Email: sbresnick@meredithkeyhani.com

Katherine E. Koop, Esquire
Tucker Arensberg
Email: KKoop@tuckerlaw.com

Mario Kaseda, President and C.E.O.
of Vent Right Corporation
1338 East 289th Street
Wickliffe, OH 44092
**CERTIFIED AND U.S. MAIL POSTAGE PREPAID**