# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08-cv-00146 |
| ) | |
| VENT RIGHT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the unopposed MOTION FOR ATTORNEY FEES AND EXPENSES (Document No. 103) filed by Plaintiff, Air Vent, Inc. In support of its motion, Plaintiff has submitted an attorney billing detail statement from Lippes Mathias (Document No. 111), the detailed invoices submitted by Tucker Arensberg for professional fees and disbursements to Lippes Mathias (Document No. 109-1), and a spreadsheet listing the combined costs/expenses of Lippes Mathias and Tucker Arensberg (Document No. 109-2). Air Vent has also submitted the Affidavit of Dariush Keyhani, Esquire; the Declaration of Sidney R. Bresnick, Esquire; the Affidavit of Katherine E. Koop, Esquire; the Affidavit of Audrey Waldock, Paralegal; the Declaration of Paul J. Schultz, Esquire; and the Affidavit of Kent E. Baldauf, Jr., Esquire, in support of its request for attorney fees and costs. *See* Document Nos. 103 and 109.

By Order entered on February 8, 2011 (Document No. 99), the Court granted Air Vent's request for default judgment against Defendant, Vent Right Corporation, and a hearing on Plaintiff's damages was held on March 3, 2011.

On April 4, 2011, the Court entered a Memorandum Opinion and Order in which it awarded statutory damages and injunctive relief to Plaintiff Air Vent, Inc., as follows: $232,011.00 in lost profits, which shall be trebled pursuant to 35 U.S.C. § 284, for a total amount of $696,033.00; post-judgment interest, which is to be calculated pursuant to 28 U.S.C. § 1961(a), and permanently restrained and enjoined Defendant, Vent Right Corporation, its parents, subsidiaries, divisions, affiliates, successors, officers, agents, servants, employees, and all others in active concert or participation with it or acting on its behalf from further infringement of Plaintiff's Patent Nos. 6,149,517 and 6,793,574. The Court also directed Air Vent to file a Petition for Counsel Fees. Additionally, the Court directed that should Defendant desire to file any response in opposition to the Petition for Counsel Fees, it should do so, through counsel, two weeks after the Petition was filed. To date, Defendant has not filed a response to the Petition.

A final Judgment was entered by the Court contemporaneously with the filing of its Memorandum Opinion and Order and the court docket was marked closed. *See* Document No. 106.

Air Vent has submitted its Motion for Attorney Fees and Expenses. Even though the motion is unopposed, the Court has an independent obligation to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 696, 703 n.5 (3d Cir. 2005).

1.      Hourly Rates

A reasonable hourly rate is to be calculated in accordance with the "prevailing market rate" in the "relevant community." The United States Court of Appeals for the Third Circuit embraces the "forum rate rule," in which the relevant community is generally the forum in which the suit was filed. *Interfaith Community,* 426 F.3d at 703-05. The relevant rate is to be calculated at the time of the fee petition, rather than the rate at the time the services were actually performed. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). The Court must base its decision on the record, rather than a generalized sense of what is customary or proper. *Coleman v. Kaye,* 87 F.3d 1491, 1510 (3d Cir. 1996). The rate should take into account prevailing counsel's skill and experience, the nature and complexity of the matter at issue, and should be evaluated with reference to the rates charged by comparable practitioners in the community. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). A reasonable fee is sufficient to attract competent counsel, but does not produce a windfall for the attorneys.

Attorneys Keyhani and Bresnick have requested $350 per hour for their work. Attorney Koop has requested $135, $155, and $185 per hour for her work. The Court concludes, on the record before it, that the prevailing hourly rates proposed by Plaintiff is reasonable for the Pittsburgh legal community and will adopt them.

2.      Hours Claimed

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community*, 426 F.3d at 703 n.5. A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive,

redundant, or unnecessary. *Id.* at 711. Time that would not be billed to a client cannot be imposed on an adversary. *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995). The United States Supreme Court has established that the trial court has broad discretion to reduce requests for fees and costs. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (observing that the trial court "has discretion in determining the amount of a fee award. This is appropriate in view of the [trial forum's] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") However, the United States Court of Appeals for the Third Circuit has held that the sua sponte reduction of a fee request deprives the fee applicant of her entitlement to "offer evidence in support of the reasonableness of her request." *See Bell v .United Princeton Properties*, 884 F.2d 713, 719 (3d Cir. 1989). Notwithstanding this general rule, our appellate court also instructed that a district court may *sua sponte* "reduce requested fees with respect to matters within the judge's personal knowledge. . . ." *Id.* at 719. *See also M.G. v. Eastern Regional High School Dist.*, 386 Fed. Appx. 186 (3d Cir. 2010) (non-precedential opinion).[1]

In this case, Air Vent has submitted a billing detail statement for the law firm of Lippes Mathias, for work performed for the period September 9, 2008 through March 25, 2011, which reflects a total of 830.5 hours of time totaling $290,675, as well as invoices from Tucker Arensberg for work performed for the period September 26, 2008, through March 31, 2011,

---

[1] The Court finds that Air Vent has not been deprived of the right to offer evidence in support of its fee request. Air Vent filed its Motion for Attorney Fees and Expenses on March 31, 2011. Air Vent supplemented its motion on April 15, 2011, and has filed two Errata's correcting "clerical error[s] in billable hours and expense calculations." *See* Document Nos. 110 and 111. Accordingly, the Court finds and rules that Air Vent has received a fair opportunity to justify the requested attorney's fees and costs.

4

which reflect fees of $14,523.05, for a total of $305,198.50. The Court has carefully scrutinized the fee request and will reduce the hours claimed by Lippes, Mathias as follows:

    a. DK , 9/26/08, reduce by 4.3 hours for "research re preliminary injunction," as non-recoverable because a motion for preliminary injunction was not filed in this case, but rather was filed in the *Air Vent v. Shandex* case filed in the United States District Court, District of New Jersey, Case No. 08-cv-5375. *See* Document No. 6 (motion for temporary restraining order and preliminary injunction filed by Air Vent on 11/08/08).

    b. SB, 9/26/08, reduce by 4 hours for "reviewing case law re delay as defense to preliminary injunction," as non-recoverable because a motion for preliminary injunction was not filed in this case.

    c. SB, 9/29/08, reduce by 5 hours for "preparing motion for preliminary injunction," as non-recoverable because a motion for preliminary injunction was not filed in this case.

    d. DK, 11/20/08, reduce by 0.9 hours for review of "Solar litigation matters," as non-recoverable because not relevant to this litigation.

    e. DK, 11/21/08, reduce by 1.5 hours for "studied local patent rules for the Western District of NY," as non-recoverable, given that the Western District of NY local rules would not be relevant to this litigation.

    f. DK, 12/02/08, reduce by 2.8 hours for "researched and studied the law on patent invalidity for preliminary injunctions" as non-recoverable because a motion for preliminary injunction was not filed in this case. *See Air Vent v.*

5

*Shandex* docket, Document No. 20 (hearing held on 1/12/09 re motion for temporary restraining order and preliminary injunction filed by Air Vent ).

    g.    DK, 1/30/09, reduce by 1.1 hours for "communications with Shandex counsel and drafted/letter to Court," as non-recoverable because it relates to the *Shandex* case pending in New Jersey. *See Air Vent v. Shandex* docket, Document No. 29 - "Letter from Air Vent" received by court.

    h.    DK, 1/21/10, reduce by 0.2 hours for "studied notice filed by Kaseda counsel in Ohio," as non-recoverable because it relates to a case pending in Ohio.

Except as noted above, the remainder of the hours claimed by Lippes Mathias, as well as the hours claimed by Tucker Arensberg, appear to be reasonable.

3.    Costs

Air Vent has also submitted a spreadsheet which it describes as a "detailed breakdown" of its costs and expenses. *See* Affidavit of Paul J. Schultz (Document No. 109-1). The spreadsheet apparently combines the costs and expenses incurred by both Lippes Mathias and Tucker Arensberg. The total amount sought for costs, expenses, and reimbursements is $36,464.11.

However, with the exception of the detailed billing statements of Tucker Arensberg, which reflect the date and description of any disbursement, there is no itemization or receipts regarding the expenses and costs sought by Air Vent. Rather, the spreadsheet simply lists broad categories with monthly totals. For example, the first category is entitled "private investigative services" and the spreadsheet reflects a "total" of $3,848.75 for private investigative services.

Yet, there is no invoice or receipt attached to support this request. Likewise, under "witness fees," Plaintiff is seeking reimbursement of $10,400, yet no itemization or receipt was provided to support this request.

The billing statements of Tucker Arensberg, however, do contain sufficient information for the Court to determine that this law firm expended a total of $154.54 in costs and expenses as follows: $120 in filing fees; $14.75 for copy charges; $11.42 for research; $1.11 for telephone charges; and $7.25 for meals. The remainder of the sought-after costs were incurred by Lippes Mathias. However, as stated *supra*, no invoices or other supporting data have been submitted. Accordingly, the costs of Lippes Mathias will be disallowed.

Therefore, Plaintiff may recover costs in the total amount of $154.54.

4. Summary of Counsel Fees and Costs

In accordance with the foregoing analysis, the MOTION FOR ATTORNEY FEES AND EXPENSES filed by Plaintiff, Air Vent, Inc., will be **GRANTED IN PART AND DENIED IN PART**. Defendant, Vent Right Corporation, will be required to reimburse Plaintiff for the counsel fees and costs found to be reasonable by the Court.

To summarize, Plaintiff is entitled to recover reasonable counsel fees as set forth in the following table, which reflects the adjustments to the number of hours claimed, as discussed above.

| Law Firm | # Hours | Hourly Rate - Total | |
|---|---|---|---|
| Lippes Mathias | 810.35 | $350/hour = | $ 283,622.50 |
| Tucker Arensberg | | | |
|     A. Waldock | 4.1 | $120/hour = | $ 492.00 |
|     A. Waldock | 1.2 | $125/hour = | $ 150.00 |
|     K. Koop | 11.0 | $135/hour = | $ 1,485.00 |
|     K. Koop | 51.4 | $155/hour = | $ 7,967.00 |
|     K. Koop | 23.7 | $185/hour = | $ 4,384.50 |
|     L. Kim | .20 | $225/hour = | $ 45.00 |
|     Subtotal: | | | $ 14,523.50 |
| **GRAND TOTAL:** | | | **$ 298,146.00** |

Plaintiff may recover counsel fees for Lippes Mathias in the amount of $283,622.50; Plaintiff may recover counsel fees for Tucker Arensberg in the amount of $14,523.50, plus costs of $154.54, for a total of $14,678.04. The grand total for recoverable counsel fees and costs is **$298,300.54**.

An appropriate Order follows.

                                                                  McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08-cv-00146 |
| | ) | |
| VENT RIGHT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 24th day of May, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Attorneys' Fees and Expenses filed by Plaintiff, Air Vent, Inc., is GRANTED IN PART AND DENIED IN PART. On or before July 25, 2011, or upon such other terms as the parties may agree upon, Defendant, Vent Right Corporation, shall reimburse Plaintiff for the following:

    1.    Lippes Mathias counsel fees of $283,622.50;

    2.    Tucker Arensberg counsel fees of $14,523.50, plus costs of $154.54, for a total of $14,678.04.

The grand total of recoverable counsel fees and costs is **$298,300.54**.

Defendant's failure, neglect, or refusal to timely and fully comply with the terms, conditions, and requirements of this Order of Court may result in the imposition of additional sanctions including, but not limited to, a fine in an amount to be determined per day of non-compliance.

                                                    BY THE COURT:

                                                    s/Terrence F. McVerry
                                                    United States District Court Judge

cc: Dariush Keyhani, Esquire
Lippes Mathias Wexler Friedman LLP
Email: dkeyhani@meredithkeyhani.com

Sidney R. Bresnick, Esquire
Meredith & Keyhani, PLLC
Email: sbresnick@meredithkeyhani.com

Katherine E. Koop, Esquire
Tucker Arensberg
Email: KKoop@tuckerlaw.com

Mario Kasada,
President and C.E.O.
Vent Right Corporation
1338 East 289th Street
Wickliffe, OH 44092
(U.S. Mail and Certified Mail, Return
Receipt Requested)