**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AIR VENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08-cv-00146 |
| ) | |
| VENT RIGHT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Pending before the Court is the unopposed MOTION FOR PREJUDGMENT INTEREST (Document No. 107) filed by Plaintiff, Air Vent, Inc., which requests that the Court enter an award of pre-judgment interest to be compounded monthly from January 31, 2008 through February 4, 2011, using an interest rate of 6%, consistent with the Pennsylvania statutory interest rate. See 41 P.S. § 202. Because Defendant, Vent Right Corporation, has filed no response in opposition the Motion is **GRANTED**.

Plaintiff filed this patent infringement lawsuit on January 31, 2008, in which it asserted that Defendant Vent Right Corporation's roof ridge ventilation product under the mark "Breasevent™" had infringed four (4) patents owned by Air Vent. By Memorandum Opinion and Order of July 20, 2010, the Court granted partial summary judgment on infringement in favor of Air Vent.

Plaintiff filed a Motion for Default on February 4, 2011. Without opposition, the motion was granted on February 8, 2011, and a hearing on Plaintiff's damages was held on March 3, 2011. At the hearing regarding damages, the Court instructed counsel for Air Vent to file post-hearing briefs on or before April 1, 2011. The Court also specifically stated that the post-hearing

briefs should give the Court support for the requested interest rate for both pre-judgment and post-judgment calculations. On March 31, 2011, Air Vent filed its Motion for Attorney Fees and Expenses, but did not file any additional documents requesting pre-judgment interest.

On April 4, 2011, the Court entered a Memorandum Opinion and Order in which it awarded statutory damages and injunctive relief to Plaintiff, Air Vent, Inc., in the amount of $232,011.00 in lost profits, which shall be trebled pursuant to 35 U.S.C. § 284, for a total amount of $696,033.00. The Court also determined that Air Vent was entitled to reasonable attorneys' fees and costs, post-judgment interest, and to permanent injunctive relief.

At the time the Court entered its April 4, 2011, Memorandum Opinion and Order, Air Vent had not submitted any supporting documentation regarding prejudgment interest and, the Court thus found that awarding Plaintiff prejudgment interest was not justified in the matter. However, approximately thirty (30) minutes after the filing of the Memorandum Opinion and Order, Air Vent filed the instant Motion for Prejudgment Interest. (Docket reflects that Memorandum Opinion and Order was filed on 4/4/2011 at 10:44 a.m.; Motion for Prejudgment Interest was filed on 4/4/2011 at 11:14 a.m.)

Air Vent requests the award of prejudgment interest, pursuant to 35 U.S.C. § 284, which provides for the calculation of damages "together with interest and costs as fixed by the court." It is clearly established that " prejudgment interest shall ordinarily be awarded under § 284 absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment. *Id*. at 656.; *see also Nickson Indus. Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988). The prejudgment interest rate is not limited by any

2

statutory rate, but is within the sound discretion of the court. Also within the discretion of the court is whether the interest should be simple or compounded. Courts have approved annual compounding, monthly and even daily compounding of interest.

In deciding the statutory rate for prejudgment interest in a lawsuit based on a federal claim, courts often use the statutory rate of the forum state. The United States Court of Appeals for the Federal Circuit has affirmed awards of prejudgment interest at the Pennsylvania statutory rate of 6%. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 579 F. Supp. 353, 375 (E.D. Pa. 1983), *aff'd*, 727 F.2d 1506 (Fed. Cir. 1984), *cert. denied*, 469 U.S. 871 (1984). *See also* 41 P.S. § 202 ("Reference in any law or document enacted or executed heretofore or hereafter to 'legal rate of interest' and reference in any document to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum.")

Air Vent requests an award of pre-judgment interest to be compounded monthly from January 31, 2008 (the date the original Complaint was filed) through February 4, 2011 (the date Judgment was entered).

Based upon the total lost sales suffered by Air Vent as a result of Defendant's patent infringement in the amount of $232,011.00, and using the Pennsylvania statutory rate of 6%,

compounded monthly, the Court finds that Air Vent is entitled to pre-judgment interest in the amount of **$45,812.47.**

So **ORDERED** this 24th day of May, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Dariush Keyhani, Esquire
        Lippes Mathias Wexler Friedman LLP
        Email: dkeyhani@meredithkeyhani.com

        Sidney R. Bresnick, Esquire
        Meredith & Keyhani, PLLC
        Email: sbresnick@meredithkeyhani.com

        Katherine E. Koop, Esquire
        Tucker Arensberg
        Email: KKoop@tuckerlaw.com

        Mario Kasada,
        President and C.E.O.
        Vent Right Corporation
        1338 East 289th Street
        Wickliffe, OH 44092
        (U.S. Mail and Certified Mail, Return
        Receipt Requested)